IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:19-CR-00074 (TJM) |
| v. | |
| BRUCE WILLIAMS, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court accept the parties' agreed-upon disposition, and impose a sentence of 20 years, with a term of lifetime supervised release.

**I**

**INTRODUCTION**

On March 11, 2019, the defendant entered a guilty plea to counts One and Two of the Information, which charged him with distribution and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and 2256(8)(A). The defendant is scheduled to be sentenced on July 10, 2019 in Albany, New York.

**II**

**APPLICABLE STATUTORY AND GUIDELINES PROVISIONS**

**1) Statutory Sentencing Provisions**

The defendant is punishable as follows on Counts One and Two:  imprisonment of at least five years and up to twenty years (18 U.S.C. § 2252A(b)(1)); fine of up to $250,000 (18 U.S.C. § 3571(b)); and supervised release of at least five years and up to life (18 U.S.C. § 3583(k)).

2) **Forfeiture**

In addition to the above, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation of the Indictment, pursuant to 18 U.S.C. § 2253.  These items include:

   a. One HP Laptop Computer Model 2000-2c27CL, Serial # 5CG3191F5Q;

   b. One HP Desktop Computer Model p2-1013w, Serial # 3CR1390YK3; and

   c. One JVC Everio Camcorder, Serial Number 075A3423.

3) **Restitution**

To the extent that the victims depicted in the image and video files involved in the defendant's offenses may request restitution, they are entitled to recover from him "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," which shall be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role." *Paroline v. United States*, __U.S.__, 134. S.Ct. 1710, 1727 (2014).  Moreover, pursuant to his plea agreement, the defendant consented to restitution pursuant to 18 U.S.C. § 2259(b).

4) **Special Assessments**

For Counts 1 and 2 a special assessment of $100 is mandatory, for a total of $200. 18 U.S.C. § 3013. The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015.  In addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). 18 U.S.C. § 3014.

5) **Guidelines Provisions**

  a. **Offense Level Computation**

According to the presentence report, the defendant's Total Offense Level is 42. PSR ¶ 47. The government agrees with the Probation Office's determination of the defendant's Total Offense Level.

  b. **Criminal History Category**

According to the presentence report, the defendant's criminal history category is III. PSR ¶ 54. The government agrees with the Probation Office's determination of the defendant's criminal history category.

  c. **Offense Level/Guidelines Calculation**

The Government has no objection to the offense level calculations in the PSR, resulting in a total offense level of 42, a Criminal History Category of III and a Guidelines range of 360-480 months. PSR ¶ 83.

  d. **Supervised Release**

U.S.S.G. §5D1.2(b) (Policy Statement) recommends the statutory maximum term of supervised release should be imposed when the offense of conviction is a sex offense. Here, the defendant's offense of conviction is a sex offense as it is one perpetrated against a minor under chapter 110 of Title 18, and the maximum and recommended term of supervised release is, accordingly, life. U.S.S.G. §5D1.2, App. Note 1; 18 U.S.C. §3583(k), PSR ¶ 87.

  e. **Fine**

The Government agrees with the conclusion set forth in the PSR that the defendant does not appear to have the ability to pay a fine. PSR ¶ 81.

## III

## GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, including the information set forth in detail in the PSR and otherwise in the court record, the parties have agreed that a sentence of 240 months (20 years) imprisonment and lifetime supervised release is sufficient, and not greater than necessary to meet the goals of sentencing and adequately addresses the factors set forth in 18 U.S.C. § 3553(a).

As laid out fully in the PSR, and in part in the plea agreement at paragraph 6(g) the defendant has admitted to sexual exploitation of a victim in this matter. PSR ¶¶ 20-24. In addition, as noted in the PSR the defendant has also previously admitted to engaging in hands on sexual abuse of a minor. PSR ¶¶ 15-19. The defendant's prior conduct coupled with his activity in this case and the disturbing nature of his child pornography collection (PSR ¶ 25) warrants a sentence of 240 months. As such, the Government requests that the Court accept the parties' plea agreement, and sentence the defendant accordingly.

Respectfully submitted this 17th day of June, 2019

                                              GRANT C. JAQUITH
                                              United States Attorney

By:    */s/ Geoffrey J. L. Brown*
          Geoffrey J. L. Brown
          Assistant United States Attorney
          Bar Roll No. 513495

## CERTIFICATE OF SERVICE

      I hereby certify that on June 17, 2019 the foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the counsel of record for the defendant.

                                      */s/ Jennifer Buggs*
                                      Jennifer Buggs
                                      Legal Assistant