**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

      v.

BRUCE W. WILLIAMS,

              Defendant.

1:19-cr-00074 (AMN)

---

**APPEARANCES:**

**United States Attorney for the**
**Northern District of New York**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261
*Counsel for the Government*

**BRUCE W. WILLIAMS**
24886-052
Federal Correctional Institution Danbury
Inmate Mail/Parcels
Route 37
Danbury, Connecticut 06811
Defendant *pro se*

**OF COUNSEL:**

**GEOFFREY J. L. BROWN, ESQ.**
Assistant United States Attorney

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Presently before the Court is a motion for compassionate release pursuant to 18 U.S.C § 3582(c)(1)(A) from defendant *pro se* Bruce Williams ("Defendant"). Dkt. No. 76 ("Motion"); *see also* Dkt. Nos. 79, 83. For the reasons set forth below, the Court denies Defendant's Motion.

## II. BACKGROUND

Represented by a federal public defender, on March 11, 2019, Defendant pled guilty, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to distributing and

receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1), and 2256(8)(A). Dkt. No. 24; *see also United States v. Overton*, 24 F.4th 870, 873 (2d Cir. 2022) ("Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure[ ] permits a defendant to plead guilty pursuant to a plea agreement that provides 'a specific sentence or sentencing range' that will bind the court once the court accepts the agreement; in the event the court rejects the sentence specified in that agreement, Rule 11(c)(5) requires the court to give the defendant an opportunity to withdraw his guilty plea.").  Defendant agreed, *inter alia*, that the specified prison sentence of 240 months "is reasonable and appropriate under the unique combination of facts and circumstances relating to the defendant, the offense of conviction, and related relevant conduct."  Dkt. No. 24 at ¶ 3. Defendant's admitted conduct included, *inter alia*, that he had "coerced a person under the age of eighteen[] to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct[.]"  *Id.* at ¶ 6(g).  Defendant also waived, *inter alia*, "any and all rights . . . to appeal and/or to collaterally attack . . . [a]ny sentence consistent with the agreed-upon disposition [of 240 months] described above or any less severe sentence."  *Id.* at ¶ 8(d).

At sentencing on September 11, 2019, United States Senior District Judge Thomas J. McAvoy[1] adopted the Guideline calculations in the presentence report ("PSR") and found a total offense level of 42, a criminal history category of III, and a resulting Guideline imprisonment range of 360 to 480 months.  Dkt. No. 49 at 8:13-21.  At Defendant's request, Judge McAvoy imposed the agreed-upon prison sentence of 240 months.  *Id.* at 6:20-25; *id.* at 8:22-9:15; Dkt. Nos. 41, 72.

Less than a year later, Defendant requested a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).  Dkt. No. 55.  In considering Defendant's request for immediate release, Judge

---

[1] This case was reassigned to the undersigned on October 9, 2025.  Dkt. No. 84.

McAvoy analyzed the factors under 18 U.S.C. § 3553(a) as follows:

> The sentence that the Court imposed reflected the seriousness of Defendant's crimes, and was intended to promote respect for the law, send a message of general and specific deterrence, and protect the public from further crimes by Defendant. Releasing Defendant after serving approximately 17% of his 240-month prison term would disregard "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Further, it would be contrary to "the need for the sentence imposed" to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to "afford adequate deterrence to criminal conduct," and to "protect the public from further crimes of the defendant." *Id.* § 3553(a)(2).
>
> Moreover, Defendant has not met his burden of demonstrating that he would not be a danger to the community if released. . . . Defendant's criminal history indicates, *inter alia*, he is a hands-on sex offender who committed crimes against children . . . . Further, he amassed a large collection of child pornography and the focus of that child pornography was the sexual abuse and rape of toddlers. PSR ¶ 25. As such, the Court finds that he continues to pose a risk of danger to the community. There is nothing in Defendant's current submission that mitigates his risk of danger if released.

Dkt. No. 64 at 3-4. For these and other reasons, Judge McAvoy denied Defendant's request on September 25, 2020. *Id.*

Defendant is currently incarcerated at Federal Correctional Institution Danbury ("FCI Danbury") and his anticipated release date is September 28, 2034. *Find an inmate,* FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Mar. 31, 2026). As of today, Defendant has served less than half of the 240-month agreed-upon sentence that Judge McAvoy imposed. Dkt. Nos. 24, 41, 72.

The Motion details Defendant's participation in certain rehabilitative programming during his incarceration. Dkt. No. 76 at 3-6. Defendant submits documentation relating to these programs, as well as his work history. *Id.* at 32-48. He also submits two support letters, one from "his son's grandmother," who appears to be Defendant's mother-in-law. *Id.* at 1, 49-55; Dkt. No. 83 at 14-15. Finally, the Court notes that the Government does not assert that Defendant has

committed any disciplinary infractions while incarcerated. *See generally* Dkt. No. 79.

## III.     STANDARD OF REVIEW

The First Step Act of 2018 expanded access to so-called "compassionate release," a statutory mechanism for sentence modification. *United States v. Brooker,* 976 F.3d 228, 233 (2d Cir. 2020). Pursuant to the amended statute, a court may now reduce a defendant's sentence on the defendant's own motion. 18 U.S.C. § 3582(c)(1)(A).

Three statutory requirements must be met for a court to find the defendant eligible for such relief. First, a defendant must "fully exhaust[]" all administrative remedies with the Bureau of Prisons ("BOP"), although this requirement "is not a jurisdictional limitation[.]" *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (*per curiam*) (quoting 18 U.S.C. § 3582(c)(1)(A)). Second, a defendant must demonstrate that extraordinary and compelling reasons warrant the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A). Third, the Court must also consider whether the Section 3553(a) sentencing factors weigh in favor of a reduced sentence. *Id.* If a court determines that any one of these requirements "is lacking, it need not address the remaining ones." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (*per curiam*) (citing *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (*per curiam*)). Throughout, however, "[t]he burden of showing that the circumstances warrant a sentence reduction is on the defendant." *United States v. Fernandez*, 104 F.4th 420, 427 (2d Cir. 2024) (citing *Jones*, 17 F.4th at 375).

Finally, although "a mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release," *United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (*per curiam*), arguments challenging the validity of a conviction "cannot qualify as 'extraordinary and compelling reasons[,]'" *Fernandez*, 104 F.4th at 433, nor

can such arguments "be raised in a § 3582 motion as part of the § 3553(a) sentencing factors," *United States v. Amato*, 48 F.4th 61, 65 (2d Cir. 2022) (*per curiam*).

Because Defendant is currently proceeding *pro se*, the Court liberally construes his "submissions to raise the strongest arguments they suggest." *Walker v. Senecal*, 130 F.4th 291, 297 (2d Cir. 2025) (quoting *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023)).

## IV.    DISCUSSION

The Motion again seeks immediate release and, if "immediate release [ ] would not be feasible," an unspecified sentence reduction.  Dkt. No. 83 at 12; *see also* Dkt. No. 76 at 1.  The Court analyzes Defendant's eligibility for such relief as follows.

### A.  Exhaustion

Defendant applied to the BOP for compassionate release on December 13, 2024 and filed this motion for compassionate release on May 2, 2025, more than thirty days later.  Dkt. No. 76 at 30-31.  The Government does not contend that Defendant failed to exhaust his administrative remedies within the BOP.  *See generally* Dkt. No. 79.  Accordingly, the Court finds that the Motion is properly before the Court.  *Saladino*, 7 F.4th at 121.

### B.  Extraordinary and Compelling Reasons

The Court liberally construes the Motion, given Defendant's *pro se* status, to present the following arguments in favor of his requested sentence reduction: (i) Defendant's rehabilitative efforts; (ii) sentencing disparities with other defendants; (iii) conditions of confinement at FCI Danbury during the pandemic; and (iv) potential benefit to Defendant's mother-in-law from having Defendant as an additional caretaker.  Dkt. No. 76 at 3-21; Dkt. No. 83 at 1-9.  The Government opposes each argument in turn.  Dkt. No. 79 at 7-10.  After careful consideration, the Court finds

that none of Defendant's arguments constitute an "extraordinary and compelling" reason that could render him eligible for the relief he seeks.

Defendant's first argument, that his sentence should be reduced given his rehabilitative efforts, is unpersuasive. Rehabilitation alone is not a sufficient basis for a sentence reduction. *See, e.g., United States v. Rodriguez*, 147 F.4th 217, 223 (2d Cir. 2025) ("For one, 'rehabilitation [ ] *alone* shall not be considered an extraordinary and compelling reason.'") (alteration in original) (quoting 28 U.S.C. § 994(t)); *see also* U.S.S.G. § 1B1.13(d).

Defendant's second argument, regarding purported sentencing disparities, lacks merit. As an initial matter, the 240-month sentence that Defendant received was substantially lower than his Guideline imprisonment range of 360 to 480 months. Dkt. No. 49 at 8:13-21. Moreover, during the last five fiscal years, similarly situated defendants—sentenced under the same primary guideline and with the same offense level and criminal history category as Defendant—received an average sentence of 295 months' imprisonment and a median sentence of 276 months' imprisonment, both years more than Defendant's sentence of 240 months. *Judiciary Sentencing INformation (JSIN)*, U.S. SENT'G COMM'N, https://jsin.ussc.gov (last visited Mar. 31, 2026). In fact, Defendant received the same 240-month sentence as the median sentence for defendants sentenced during this time under the same primary guideline as Defendant but with far less criminal history—category I instead of Defendant's category III. *Id.* Finally, pursuant to Rule 11(c)(1)(C), Defendant agreed to the very sentence that he received, and further agreed not to collaterally attack "[a]ny sentence consistent with the agreed-upon disposition" of 240 months. Dkt. No. 24 at ¶ 8(d).

Defendant's third argument, relating to the conditions of confinement during the pandemic at FCI Danbury, is unavailing. *See, e.g., United States v. Elder*, No. 17-cr-05, 2025 WL 480232,

at *14 (W.D.N.Y. Feb. 13, 2025) ("[G]eneral circumstances experienced by all inmates[ during the pandemic] do not in and of themselves constitute extraordinary and compelling circumstances warranting relief. . . . Under these circumstances, this Court concludes that [defendant] has failed to demonstrate that the conditions of his confinement during the COVID-19 pandemic created an 'extraordinary and compelling' [reason] to justify a reduction of his sentence.") (collecting cases). Judge McAvoy also previously addressed pandemic-related arguments from Defendant in denying Defendant's prior request for immediate release. Dkt. No. 64 at 1-3.

Defendant's final argument, that his mother-in-law would benefit from an additional caretaker, is unconvincing. The documentation Defendant submits establishes neither that his mother-in-law is incapacitated, nor that he is her only available caregiver. *See, e.g.,* U.S.S.G. § 1B1.13(b)(3)(C) (identifying "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" as an extraordinary and compelling circumstance). In fact, Defendant's mother-in-law indicates that she has a home health aide "7 hours a day 5 days a week[,]" and that her "friend checks in on [her] on the weekends." Dkt. No. 76 at 50.

While district courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release[,]" *Brooker*, 976 F.3d at 237, the Court finds that Defendant's arguments do not constitute such reasons. *See also* U.S.S.G. § 1B1.13(b).

As such, the Court finds that Defendant has not demonstrated an extraordinary and compelling justification for his requested sentence reduction. *Fernandez*, 104 F.4th at 427.

### C. 18 U.S.C. § 3553(a) Factors

Because Defendant has failed to establish an "extraordinary and compelling" reason, the

Court need not analyze the sentencing factors outlined in Section 3553(a).  *See, e.g., United States v. Salisbury*, No. 24-1462, 2025 WL 2953276, at *1 (2d Cir. Oct. 20, 2025) (summary order) ("Because both extraordinary and compelling circumstances and the § 3553(a) factors must support relief, concluding that either is lacking is sufficient to deny relief[.]") (citing *Keitt*, 21 F.4th at 73).  Nonetheless, the Court will consider these factors.

Section 3553(a) sets forth various factors for courts to consider in imposing sentence, including (i) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (ii) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . . [and] to protect the public from further crimes of the defendant;" and (iii) "the sentencing range established" under the Guidelines.  18 U.S.C. § 3553(a)(1)-(2), (4).

As detailed above, Judge McAvoy articulated a thorough analysis of the Section 3553(a) factors in denying Defendant's prior request for immediate compassionate release.  *See supra* Section II.  The Court has reviewed and agrees with that analysis, and incorporates it here.  The Court also notes that the 240-month sentence to which Defendant agreed is substantially less than both his Guideline range and the average sentence of similarly situated defendants.  *See supra* Section IV.B.  Additionally, Defendant has served less than half of his sentence.  The Section 3553(a) factors weigh against any sentence reduction at this time, let alone the more than 50% reduction that Defendant requests.  *See, e.g., Salisbury*, 2025 WL 2953276, at *1 ("[The § 3553(a)] inquiry often involves assessing the proportion of a defendant's stated sentence yet to be served.") (alteration in original) (quoting *United States v. Kantor*, 853 F. App'x 723, 726 (2d Cir. 2021)).

For all of these reasons, Defendant's sentence was and remains sufficient but not greater than necessary to meet the goals of sentencing set forth in Section 3553(a).  Accordingly, the Court

denies the Motion on this alternative ground. *Rodriguez*, 147 F.4th at 222 ("If the court determines that the § 3553(a) factors weigh against a sentence reduction, it may deny the motion on that basis alone.") (citing *Keitt*, 21 F.4th at 73).

## V.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's motion, Dkt. No. 76, is **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

Dated: March 31, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[2] The Clerk shall also provide Defendant with copies of the unreported decisions herein.

9